IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| THERESA TUGGLE, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:19-CV-25 (CAR) |
| MAMARONECK CAPITAL, LLC, and | : | |
| ALDRIDGE PITE HAAN, LLP, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENSES

Before the Court is Plaintiff Theresa Tuggle's Motion to Strike the First, Third, Fourth, Fifth and Sixth Defenses of Defendants' Answers. Having considered the relevant facts and applicable law, Plaintiff's Motion [Doc. 16] is **DENIED**.

Plaintiff filed her Complaint against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-391 *et seq.* Both Defendant Mamaroneck Capital and Defendant Aldridge Pite Haan, LLP ("APH") filed Answers and Amended Answers to the Complaint raising, among others, five affirmative defenses that Plaintiff now seeks for the Court to strike: waiver (first defense); estoppel due to conduct of plaintiff or third parties (third defense); unclean hands (fourth defense); ratification (fifth defense); and affirmation (sixth defense).

1

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are highly disfavored by the courts because it requires the "imposition of a drastic remedy[.]"[1] Such motions are typically denied "unless the allegations [or defenses] have no possible relation to the controversy and may cause prejudice to one of the parties."[2] "Where a defense is insufficient as a matter of law, it should be stricken to eliminate the unnecessary delay and expense of litigating it."[3] Yes, "[m]otions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant."[4]

Plaintiff first argues that the Court should strike these defenses because they fail to meet the plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). District courts in the Eleventh Circuit differ on whether *Twombly* and *Iqbal* apply to affirmative defenses, and the Eleventh

---

[1] *Otero v. Vito*, No. 5:04-CV-211 (DF), 2005 WL 1429755 at *1 (M.D. Ga. June 15, 2005).
[2] *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citation and quotation marks omitted).
[3] *Resolution Trust Corp. v. Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992).
[4] *Brown v. Joiner Int'l, Inc.*, 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Circuit has not resolved the split at this time.[5] Indeed, only one Circuit Court, the Second Circuit, has addressed the issue.[6] After reviewing cases on both sides of the issue and the Federal Rules of Civil Procedure, this Court declines to apply the *Twombly/Iqbal* pleading standard to affirmative defenses.

The pleading standards for defenses differ from the plausibility standard for complaints.[7] Rule 8 of the Federal Rules of Civil Procedure establishes the pleading standards in federal court. Rule 8(a) establishes what constitutes a cognizable claim: the party seeking relief must provide (1) a "short and plain statement of the grounds for the court's jurisdiction," (2) a "short and plain statement <u>showing</u> that the pleading is entitled to relief," and (3) a demand for the relief sought.[8] The rule sets a different standard for <u>responding</u> to a complaint. In responding to a pleading, the responding party must "<u>state</u> in short and plain terms its defenses to each claim asserted against it" and "affirmatively <u>state</u> any avoidance or affirmative defense."[9] By its plain text, the Rule does not require the responding party to make a "showing"; instead, the responding party meets minimum pleading standards by stating its defenses in short

---

[5] *Compare Floyd v. SunTrust Bank, Inc.*, Case No. 1:10-CV-2620-RWS, 2011 WL 2441744 (N.D. Ga. June 13, 2011) (affirmative defenses not subject to plausibility standard); *West v. Southern AG Carriers, Inc.*, Case No. 1:16-CV-134-WLS, 2017 WL 10752210 (M.D. Ga. March 16, 2017) (same); *with Electronic Comm. Tech., LLC v. Clever Athletics Co., LLC*, Case No. 9:16-CV-81466-WPD, 2016 WL 7409710 (S.D. Fla. Dec. 19, 2016) (affirmative defenses subject to plausibility standard).
[6] *GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2nd Cir. 2019) (plausibility standard applicable to affirmative defenses).
[7] *Compare* Fed. R. Civ. P. 8(a) *with* Fed. R. Civ. P. 8(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[8] Fed. R. Civ. P. 8(a) (emphasis added).
[9] Fed. R. Civ. P. 8(b)(1)(A), (c)(1) (emphasis added).

3

and plain terms. "If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief in the subsections governing answers and affirmative defenses."[10] "[T]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."[11]

Moreover, a defendant must answer the complaint within twenty-one days. "unlike plaintiffs, defendant do not have the luxury of prefiling investigations. . . . [R]equiring factual pleading of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses."[12]

Plaintiff next argues that the defenses are inapplicable to to the FDCPA and therefore must be stricken. Plaintiff, however, has failed to meet her burden showing that Defendants' asserted defenses cannot succeed under any set of facts. Moreover, Plaintiff has also raised Georgia Fair Business Practices Act claims, and she fails to show the defenses are inapplicable to those claims. Plaintiff's Motion to Strike [Doc. 16] is **DENIED.**

---

[10] *EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012).
[11] *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).
[12] *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 at *8 (N.D. Ga. June 13, 2011) (citation and internal quotation marks omitted).

4

**SO ORDERED,** this  12th day of August, 2019.

            S/  C. Ashley Royal
            C. ASHLEY ROYAL, SENIOR JUDGE
            UNITED STATES DISTRICT COURT